[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After trial by jury, petitioner was convicted of kidnapping in the first degree in violation of General Statutes 53a-92(a)(2)(A); assault in the first degree in violation of 53a-59(a)(1) and three counts of sexual assault in the first degree in violation of 53a-70(a)(1). A sentence of ten years was imposed in the first count, a consecutive sentence of twenty years was imposed on the second count. On the sexual assault counts concurrent sentences of twenty years was imposed. These concurrent sentences were consecutive to sentences imposed in the other counts. The total effective sentence on all counts was fifty CT Page 267 years.
The factual situation underlying petitioner's conviction indicates that petitioner was among a group of people who gathered at the victim's apartment on a specific evening. After the others left petitioner remained behind. When the victim asked him to leave petitioner refused saying that he wanted to "become closer." On prior occasions petitioner had been allowed to remain overnight in the apartment when he had no where else to stay. In these occasions he slept on the couch in the spare room.
When the victim refused petitioner's advances and asked him to leave he struck the victim in the face breaking her nose. For the next five hours petitioner repeatedly beat and sexually assaulted the victim (orally, anally and vaginally). He also threatened to kill the victim and her two and one half year old daughter when the victim protested.
Police were called to the apartment in response to a report of a woman screaming. They forced their way into the apartment and they heard the victim calling for help and a child crying. Petitioner attempted to hold the victim and her daughter hostage claiming that he had a gun. Eventually he surrendered.
At trial the treating physician testified that the victim sustained the worst beating he had ever seen and stated that petitioner was undoubtedly trying to kill her.
Petitioner has denied many of the above facts and claims that the sexual activity was voluntary.
Petitioner's attorney argues that the sentence was grossly excessive and that petitioner received a fifty year sentence for what was merely a fight with his girlfriend. He stated that the court was unfairly influenced by photographs of the victim and statements about a bloody two by four which did not come into evidence.
The attorney argued that the sentence was not fair and was excessive under the circumstances.
Speaking on his own behalf petitioner stated that he never did any of these things. CT Page 268
The state's attorney argued that the sentence should stand. He pointed out petitioner's long record of serious crimes. The attorney also stated that the sentence imposed was well under the maximum which could have been imposed.
At the time sentence was imposed the court had before it a thirty seven year old man with a substantial criminal record who had been convicted of most serious crimes.
Petitioner's criminal record included fourteen convictions, the first being in 1971. Most of the crimes involved assaultive behavior.
The trial judge, who had an opportunity to hear the evidence and view the exhibits remarked on the injuries inflicted on the victim. The judge compared the size of the victim weighing 122 pounds with petitioner who was 6'3" and weighed 260 pounds. The judge wondered why the woman was not killed as a result of petitioner's actions.
The court has a duty in imposing sentence to attempt to protect the public, to deter criminal activity such as occurred here and to isolate those who have a propensity to commit such offenses. Considering all of the factors applicable here it must be concluded that the sentence imposed was not inappropriate or disproportionate in light of the nature of the offenses and the character of petitioner. Connecticut Practice Book 942.
The sentence is affirmed.
PURTILL, J. KLACZAK, J. NORKO, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 269